**Max Elvin BANKS, Relator,**

v.

**Honorable Pat H. BOONE, Jr., District Judge, Respondent.**

**No. 07–85–0129–CV.**

Court of Appeals of Texas, Amarillo.

May 9, 1985.

Tom Upchurch, Jr. & Associates, Tom Upchurch, Jr., Amarillo; Burleson, Pate & Gibson, Phil Burleson, Dallas, for relator.

Templeton & Garner, Robert L. Templeton, and Don R. Emerson, Amarillo, for respondent.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

## ON MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS

PER CURIAM.

Relator Max Elvin Banks has moved for leave to file his petition for writ of mandamus against respondent, the Honorable Pat H. Boone, Jr., the district judge presiding in Cause No. 33,702–C on the docket of the 251st Judicial District Court of Potter County, a suit to dissolve the marriage between relator Banks and his wife, Toni Lynn Pearce Banks. Relator seeks the writ to compel the respondent to order the withdrawal of the law firm of Templeton and Garner from the representation of Mrs. Banks in the divorce proceedings. For the reasons expressed below, the motion for leave to file the petition for writ of mandamus is overruled.

Relator alleges that respondent has refused to order the law firm's withdrawal from representation of Mrs. Banks by refusing his, relator's, motion for such order. Because he represented in the motion that during the imminent divorce trial he will call Mr. Robert Garner, a partner in the law firm, as a witness to give testimony, contained in Mr. Garner's deposition, which is in direct contravention of, and prejudicial to, Mrs. Banks' pleaded interest in certain property involved in the suit, he contends that relator's order for withdrawal of the law firm is mandatory. To support his contention, he relies primarily on DR 5–102(B), a disciplinary rule contained in the Texas Code of Professional Responsibility, particularly as that rule is interpreted and applied in *United Pacific Ins. Co. v. Zar-*

*denetta*, 661 S.W.2d 244 (Tex.App.—San Antonio 1983, no writ). The rule reads:

> If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.

1A Tex.Rev.Civ.Stat.Ann. 324 (Vernon 1973).

The rule sanctions the lawyer's continued representation "until it is apparent that his testimony is or may be prejudicial to his client," and, as the *Zardenetta* court recognized, the announcement by an adversary that he intends to call opposing counsel as a witness does not effect an automatic disqualification of the lawyer under the rule. 661 S.W.2d at 248. Indeed, the *Zardenetta* court speaks of the broad discretion vested in the trial court in applying the rule, *id.*, a discretion peculiarly exercised in determining whether an indicated withdrawal under DR 5–102(B) should not be ordered if it, on the authority of DR 5–101(B)(4),

> would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.

1A Tex.Rev.Civ.Stat.Ann. 324 (Vernon 1973).

Unlike the record before the *Zardenetta* court, the record presented to us does not reveal respondent's perception of relator's trial motion to order the law firm's withdrawal. So far as we are informed, it may be that for some reason unarticulated in this record, respondent exercised his discretion in a permissible manner in refusing to disqualify the law firm at that time. In any event, we cannot say that this record commands respondent to exercise his discretion to order the law firm's withdrawal and, therefore, a writ of mandamus is not issuable to compel respondent to make the order sought. *Id.*

Accordingly, the motion for leave to file the petition for writ of mandamus is overruled.